— FOR PUBLICATION —

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK BURTON,
          Plaintiff,

     v.

NATIONSTAR MORTGAGE LLC et al.,
          Defendants.

CIVIL ACTION

NO. 14-5059

**OPINION**

I.    **INTRODUCTION**

      This case arises from inattention to details in a pleading in a mortgage foreclosure action brought against Plaintiff Mark Burton in the Chester County Court of Common Pleas. Bank of America, which held Burton's home mortgage at the time, sent out a notice of intent to foreclosure and filed the foreclosure action. Sometime during the course of the litigation, it assigned the mortgage to Defendant Nationstar Mortgage LLC ("Nationstar") which then filed a motion for summary judgment. The misuse of the word "Plaintiff" in two paragraphs in that summary judgment motion is the only reason for this action. One stated that "Plaintiff" had sent the notice of intent to foreclose. The other, that "Plaintiff" had filed the foreclosure complaint. The statements were technically incorrect because while Nationstar was the Plaintiff at the time the motion for summary judgment was filed (not Bank of America), it was Bank of America (not Nationstar) that had sent the notice and filed the action. Burton has brought suit in this Court pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for these two minor drafting slip-ups. Before the Court is Nationstar's motion to dismiss the Complaint and Burton's response in opposition thereto. For the reasons that follow, the motion to dismiss

has been converted into a motion for summary judgment, and the now-converted motion for summary judgment shall be granted.

## II.   BACKGROUND

In August 2005, Mark Burton executed a mortgage in favor of Bank of America, Nationstar's predecessor, that was recorded on September 6, 2005, in the Office of the Recorder of Deeds in Chester County, Pennsylvania.  Def.'s Mot. Ex. A. ¶ 1.  He later defaulted on that mortgage and the secured promissory note by failing to make payments when due and owing.  *Id.* ¶¶ 3, 5.  In 2012, Bank of America sued Burton in the Chester County Court of Common Pleas seeking to foreclose on the mortgage.  *See* Def.'s Mot. Ex. B.  Before suing, Bank of America sent Burton and his wife a foreclosure notice.  *See* Def.'s Mot. at 1.  At some point after the litigation had commenced, Bank of America assigned the mortgage to Nationstar.  Compl. ¶ 15; Def.'s Mot. Ex. A ¶ 1.  In the course of the proceedings, Nationstar filed a motion for summary judgment (the "State Motion").  The State Motion opened with the following:

> 1.   On August 10, 2005, the Defendants executed a mortgage **in favor of Plaintiff's predecessor** that was recorded on September 6, 2006, in the Office of the Record of Deeds in Chester County . . . .

*Id.* ¶ 1 (emphasis added).  The motion also contained the following two paragraphs:

> 6.   As a result of Defendants' default, on September 24, 2012, **Plaintiff filed the underlying complaint** in mortgage foreclosure. . . .
>
> 7.   **Plaintiff complied with the requirements** of Act 6 of 1974, 41 P.S. § 403(a) **by sending Defendants the notice of intent to foreclose** under Act 6 on May 15, 2012. . . .

Def.'s Mot. Ex. A ¶¶ 6-7 (emphases added).  The statement made in paragraph 6 that Nationstar had filed the underlying foreclosure action was technically incorrect because the action had been filed by its predecessor, Bank of America.  *See* Def.'s Mot. Ex. B.  And the statement made in paragraph 7 that Nationstar had sent Burton the notice of intent to foreclose was also technically

incorrect because that notice was sent by Bank of America prior to initiating the foreclosure proceeding.  Def.'s Mot. at 1.

In his response to the State Motion (the "Response"), Burton took Nationstar to task for those errors.  Paragraph 6 of the State Motion is wrong, he stated, because the mortgage foreclosure was filed by Bank of America, the then-plaintiff, not Nationstar.  Def.'s Mot Ex. C. ¶ 6.  And Paragraph 7 is wrong for the same reason: Bank of America, which was not the plaintiff at the time the summary judgment motion was filed, sent out the notice of intent.  *Id.* ¶ 7.  Both statements are, according to Burton, false and, as such, necessarily violate the FDCPA, 15 U.S.C. § 1692 *et seq.*  *See* Compl. ¶ 21.

### III.    CONVERSION TO MOTION FOR SUMMARY JUDGMENT

Although Burton's case arises from the State Motion, he did not attach it to his Complaint here, opting instead to paraphrase its contents.  *See* Compl. ¶¶ 20(a)–(b).  Nationstar did, however, attach the State Motion as an exhibit to its motion to dismiss.  *See* Def.'s Mot. Ex. A.  The first question then in considering this motion to dismiss is whether the Court can consider the content of the State Motion.  The answer is "yes."

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) (internal quotation marks omitted).  An exception to this rule, however, is that "a 'document *integral to or explicitly relied upon* in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and alteration in original) (citation and internal quotation marks omitted).  "[W]hat is

critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt*, 770 F.3d at 249.  Under the rule in *Schmidt*, Burton's claim of an FDCPA violation is undoubtedly "based" on this extrinsic document, as the State Motion contains the false statements he alleges gives rise to his claim.  Thus, the Court can consider this document in deciding the motion to dismiss.

A second question arises concerning another document that Nationstar attached to its motion to dismiss as an exhibit—Burton's Response.  Nationstar, which relies heavily in its motion on statements made by Burton in the Response, posits that it is appropriate for the Court to consider the document because it is a public record.  *See* Def.'s Mot. at 2-3 nn. 1, 3.  Nationstar is correct that a court may take judicial notice of a filing in a prior case in ruling on a motion to dismiss, but it can only do so to establish the existence of that filing, not for the truth of the facts asserted therein.  *See Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Burton's FDCPA claim is not "based" on this document.  In fact, the statements Burton made in the Response are neither included nor mentioned in the Complaint.  Accordingly, this Court cannot consider the document under the rule in *Schmidt* in deciding a motion to dismiss.  More specifically, the Court cannot consider the assertions made by Burton's Response without converting the motion to dismiss into a motion for summary judgment.  Fed. R. Civ. P. 12(d); *see also S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 427 n.7 (3d Cir. 1999) ("[A] court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment."); *accord Boateng v. InterAm. Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (assuming, without definitively deciding, that the district court

4

converted a motion to dismiss into a motion for summary judgment when it relied upon a complaint and judgment in prior state court proceeding in reaching its decision).

Given Nationstar's reliance on a document extrinsic to the Complaint and on which the allegations were not based, the Court elected to convert the Rule 12(b)(6) motion into a motion for summary judgment.  *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987); *see also Castle v. Cohen*, 840 F.2d 173, 179-80 (3d Cir. 1988); *Davis Elliott Int'l, Inc. v. Pan Am. Container Corp.*, 634 F.2d 127, 129 (3d Cir. 1980).  On March 23, 2015, the Court notified the parties that it intended to convert Nationstar's motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  *See* ECF No. 20.  It also provided the parties fourteen days to present all material pertinent to the newly converted motion for summary judgment.  *Id.*; *see also Debora v. Charal Inv. Co.* (*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*), 184 F.3d 280, 287-88 (3d Cir. 1999) (requiring courts to provide reasonable opportunity to parties to present additional material prior to converting a motion to dismiss into a motion for summary judgment); *Crown Cent. Petrol. v. Waldman*, 634 F.2d 127, 129 (3d Cir. 1980) (suggesting that 10 days' notice is reasonable).

As of April 13, 2015, twenty-one days after the conversion order, neither party has presented any new material to the Court.  Thus, the Court will proceed on its analysis of the now-converted motion for summary judgment based on the material currently in the record.

**IV.    LEGAL STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Alabama v. North Carolina*, 560 U.S. 330, 345 (2010) (citations and internal quotation marks omitted).  "By its very terms, this standard provides that the mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52). A fact is material if it might affect the outcome of the suit under the governing law. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). "The reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

**V.     DISCUSSION**

"Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 264 (3d Cir. 2013). The statute's substantive provisions make clear that it covers conduct "taken in connection with the collection of any debt." *Id.* at 265. "[A] communication need not contain an explicit demand for payment to constitute debt collection activity." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 (3d Cir. 2014). In this case, the Court finds that the mortgage foreclosure action was action taken in connection with the collection of a debt.

Moving to whether the two statements at issue were false, deceptive, or misleading, the Court must view them "from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). This standard is designed to "protect all

6

consumers, the gullible as well as the shrewd," *id.* (citation and internal quotation marks omitted), but it also "preserv[es] a quotient of reasonableness and presume[es] a basic level of understanding and willingness to read with care." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)) (internal quotation marks omitted).  Thus, while it protects "naïve" customers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.*

     Burton does not specifically allege in his Complaint which provision of the FDCPA he believes Nationstar violated in making the two statements in the State Motion, but in his Opposition he alludes to subsection (2)(A) of the statute, which prohibits the false representation of "the character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2)(A); *see also* Pl.'s Opp'n at 3.  Accordingly, his claim will not survive if there is no genuine issue of material fact as to whether the statements falsely represented the character, amount or legal status of his mortgage.

     In considering its motion Nationstar urges this Court to follow the growing body of authority recognizing a materiality component in FDCPA claims, *i.e.*, that any false representation of fact must be *materially* false to be actionable.  *See* Def.'s Mot. at 7-8.  In support of its argument it relies exclusively on *Kaymark v. Bank of America, N.A.*, 11 F. Supp. 3d 496 (W.D. Pa. 2014).  However, the Western District of Pennsylvania's decision in *Kaymark* to dismiss the FDCPA claims was very recently reversed by the Third Circuit.  *See Kaymark v. Bank of Am., N.A.*, — F.3d —, 2015 WL 1529120 (3d Cir. Apr. 7, 2015).  Though the Third Circuit did not address the district court's materiality analysis, and though the district court did

not exclusively rely on materiality in dismissing the plaintiff's FDCPA claims, the district court had found that its materiality analysis "inform[ed] [its] determination and buttress[ed] [its] finding" that the plaintiff was neither misled or deceived, *Kaymark*, 11 F. Supp. 2d at 515—a determination that was subsequently reversed.  As such, this Court will not look to the district court's opinion in *Kaymark* for guidance on this issue.  However, *because* the Third Circuit did not specifically address the materiality standard in deciding to reverse, the standard's viability remains an open question.

It is cases like this one here that have led the Fourth, Sixth, Seventh, and Ninth Circuits, as well as a panel of the Second Circuit and several district courts in this Circuit, to read the materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt.  *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) ("[A] statement must be *materially* false or misleading to violate Section 1692e."); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010) ("[F]alse but nonmaterial misrepresentations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e."); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *see also Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89 (2d Cir. 2012); *Jensen v. Pressler & Pressler, LLP*, No. 13-1712, 2014 WL 1745042 (D.N.J. Apr. 29, 2014); *Souders v. Bank of Am.*, No. 12-1074, 2013 WL 5937324 (M.D. Pa. Nov. 4, 2013); *Rogozinski v. NCO Fin. Sys., Inc.*, No. 11-2594, 2012 WL 5287896 (E.D. Pa. Oct. 25, 2012).

The leading case on the materiality requirement is *Hahn v. Triumph Partnerships, LLC*, in which the Seventh Circuit recognized that because materiality is an ordinary element of any claim based on false or misleading statements, it follows that materiality should likewise be required in any action based on Section 1692e.  557 F.3d at 757 (citing *Carter v. United States*, 530 U.S 255 (2000); *Neder v. United States*, 527 U.S. 1 (1999)).  Because the purpose of the FDCPA is to require that debt collectors provide information to help consumers choose intelligently, then immaterial information, "by definition," "neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)."  *Id.* at 757-58.  The court ultimately held that a statement "cannot mislead unless it is material, so a false but non-material statement is not actionable," because "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense."  *Id.* at 758 (alteration omitted) (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)) (internal quotation marks omitted).

Most in line with the facts presented here is *Gabriele v. American Home Mortgage Servicing, Inc.*, in which a panel of the Second Circuit also read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices.  There, the mortgagor filed suit alleging that a law firm's misstatements in affidavits and motions filed during representation of the mortgagee in a state court foreclosure proceeding were misleading and deceptive.  The court held that while statements made in legal proceedings are not per se exempt from FDCPA liability, the false statements of which the *Gabriele* plaintiff complained—including a false statement by the law firm that it had forwarded the plaintiff the exhibits to the foreclosure complaint, an incorrect representation in an affidavit that there were no set-offs or counterclaims, and a misrepresentation that the plaintiff was ineligible for a federal loss mitigation program

9

when in fact he was under consideration for such a program in mediation—were found not to "amount to the kind of misleading and deceptive practices that fall within the ambit of the FDCPA." *Id.* at 95. Notably, the court found that these filings, even if false, would not mislead the least sophisticated consumer—particularly one represented by counsel—"into believing that he had already received an exhibit he had not received, that he had not filed counterclaims that he had filed three months before, or that he was not under consideration for a program he was in mediation to address." *Id.* The alleged statements made in court filings "amounted to 'mere technical falsehoods that misle[d] no one'" and concluded that the plaintiff had failed to state a plausible claim under the FDCPA. *Id.* at 95-96 (quoting *Donohue*, 592 F.3d at 1034).

The remedial purpose of the FDCPA "is animated by the likely effect of various collection practices on the minds of unsophisticated debtors." *Donohue*, 592 F.3d at 1034 (citation and internal quotation marks omitted). Indeed, the Third Circuit, in *Brown v. Card Service Center*, discussed at length the purposes behind the least sophisticated consumer standard as a paradigm established to effect the purpose of the FDCPA as a "remedial statute." 464 F.3d at 453. The standard ensures that the FDCPA protects all consumers, sophisticated and credulous alike, for while a false statement may be obvious to more practiced individuals that a given statement is false "does nothing to diminish that statement's 'power to deceive others less experienced.'" *Id.* (quoting *FTC v. Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)). "But immaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions." *Donohue*, 592 F.3d at 1034. The Court agrees that the materiality requirement should be viewed as a corollary inquiry into whether a statement would be likely to mislead an unsophisticated consumer, thus focusing the analysis on protecting consumers—sophisticated and unsophisticated alike—from truly misleading debt collection practices.

Accordingly, the Court finds the reasoning of these courts persuasive on this issue and hereby adopts the materiality standard in analyzing FDCPA claims. For a false statement to be actionable under Section 1692e, that false statement must be materially false or misleading. Mere technical falsehoods that would not mislead or deceive even an unsophisticated consumer do not confer FDCPA liability on a defendant. Based on this standard, no reasonable jury could rationally find that the statements made by Nationstar in the State Motion were materially false or misleading as to the character, amount, or legal status of the mortgage debt. *See Doe*, 480 F.3d at 256. Therefore, these statements do not give rise to a cause of action under the FDCPA.

Nationstar made two admittedly false statements in the State Motion: (1) that it, not Bank of America, filed the original complaint in the state foreclosure proceeding; and (2) that it, not Bank of America, had served the notice of intent to foreclose. But "not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Gabriele*, 503 F. App'x at 94. In view of the months of litigation between the parties over the course of the foreclosure proceeding, a mere drafting error in two paragraphs of a motion cannot be expected to give rise to an FDCPA claim when Nationstar opened its brief with its mention of "Plaintiff's predecessor," Bank of America.

What's more, in his Response, filed three weeks later, Burton, through counsel, refuted both false statements and provided the court with the correct information. The Court finds persuasive the Second Circuit's dictum in *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002), that "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." Here, the fact that Burton's attorney filed a response to the State Motion pointing out the errors makes clear that the attorney was ready and

11

prepared to protect her client should the misidentification of the proper plaintiff in the State Motion's factual recitation somehow burgeon from a peccadillo into pestilential behavior.

The *Kropelnicki* dictum aside, the Third Circuit has cautioned that the least sophisticated consumer standard "does not go so far as to provide solace to the willfully blind or non-observant." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013) (citation and internal quotation marks omitted). Burton cannot be willfully blind to his own knowledge that Bank of America, not Nationstar, originally filed the complaint against him, as reflected in the state court foreclosure proceeding's own docket sheet, *see* Def.'s Mot. Ex. B, or that Bank of America, not Nationstar, served the notice of foreclosure—especially given that his lawyer, on his behalf, made statements that affirmatively reflected that exact knowledge in the Response— in an attempt to claim that he was materially misled or deceived by Nationstar's false statements made in the State Motion. *See Jensen*, 2014 WL 1745042, at *5 ("[I]f a consumer is aware of the false statement, then such a person cannot be misled by that statement he or she knows to be false." (citing *Kromelbein v. Envision Payment Solutions, Inc.,* No. 11-1598, 2013 WL 3947109, at *9 (M.D. Pa. Aug. 1, 2013) ("Even the least sophisticated consumer would not be misle[d] by a statement that he knows to be false . . . ."))). The statements made in the State Motion did not undermine Burton's ability to choose his action concerning his debt. To the contrary, he, through his counsel, proceeded apace in the litigation, defending against the foreclosure. These statements were mere technical falsehoods that could mislead no one, least sophisticated consumer or otherwise, and they are therefore not material to the character, amount, or legal status of Burton's debt. It strains credulity to conclude that Burton was misled or deceived by the misuse of the word "Plaintiff" in two paragraphs of the State Motion, particularly given that he pointed out the errors in his Response.

Even without the materiality standard, the question of whether two in-artfully pled allegations in the State Motion—which, read broadly, misidentify which entity sent the notice of intent to foreclose and filed the foreclosure action—falsely represent the character, amount, or legal status of Burton's debt must be answered in the negative. To conclude otherwise would abandon any presumption that Burton had even the basic level of understanding of the foreclosure proceedings and a willingness to read with care the pleadings filed within that the least sophisticated debtor standard ascribes to him. *Brown*, 464 F.3d at 454. "[E]ven the 'least sophisticated debtor' is expected to read any notice in its entirety." *Caprio*, 709 F.3d at 149. By the same reasoning, even the least sophisticated debtor could not hone in on only paragraphs 6 and 7 of the State Motion containing the false statements while selectively ignoring the opening paragraph, which affirmatively recognized that the mortgage was initially executed in favor of "Plaintiff's predecessor," Bank of America. *See* Def.'s Mot. Ex. A ¶ 1.

In sum, there is no genuine issue of material fact that the false statements made by Nationstar were not materially false, and the Plaintiff's FDCPA claims under Section 1692e are therefore not actionable. There is no genuine issue of material fact that even the least sophisticated debtor would have been misled or deceived by the false statements in light of the entirety of the litigation and the entirety of the State Motion itself. Summary judgment in favor of Nationstar shall therefore be granted.

An appropriate Order follows.

Dated: **April 13, 2015**

                                                             **BY THE COURT:**

                                                             **/S/WENDY BEETLESTONE, J.**

                                                             **WENDY BEETLESTONE, J.**